UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE DYSON,

    Petitioner,

 v.               Case No. 05-C-873

UNITED STATES,

    Respondent.

**ORDER**

  On August 15, 2005, petitioner filed this motion pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading . . .

Rule 4, Rules Governing § 2255 Proceedings.

  Dyson pled guilty and then appealed his sentence. The Seventh Circuit dismissed the appeal upon Dyson's motion, however, which was apparently filed on counsel's advice. In his present petition, Dyson raises three claims, as well as a request for an evidentiary hearing. First, he claims ineffective assistance of trial counsel, arguing that counsel failed to advise him regarding his guilty plea. Second, he claims the district court violated his rights in enhancing his sentence. Third, he claims his appellate counsel was ineffective.

Generally, claims of ineffective assistance of counsel are properly before the court in a collateral proceeding such as a § 2255 motion and need not be raised first on direct appeal. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003). But Dyson's second claim should have been brought on direct appeal rather than in a § 2255 motion. "When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice." *Galbraith v. United States,* 313 F.3d 1001, 1006 (7th Cir. 2002). Dyson has not attempted to show cause or prejudice, but at this stage it would be premature to dismiss the claim on that basis in a Rule 4 order. If Dyson wants to proceed with this claim, he should file a supplemental brief addressing his failure to raise the issue earlier.

The petitioner has already filed a memorandum of law in support of his petition. Any supplemental brief he wishes to file regarding his failure to raise his second claim in his direct appeal must be filed by October 1, 2005. The respondent shall file a response to the petition by November 1, 2005, and the petitioner shall file a reply brief (if any) by December 1, 2005.

**SO ORDERED** this   29th   day of August, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge