UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE DYSON,

        Petitioner,

v.                                          Case No. 05-C-873

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**

Petitioner Willie Dyson moves for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. He pled guilty to counts of distributing crack cocaine and being a felon in possession of a firearm. He now asserts that both his trial counsel and his appellate counsel were ineffective. He also claims it was error to consider him an Armed Career Criminal (ACC). For the reasons given below, the petition is granted in part and denied in part.

Dyson's first ineffective assistance claim is unfounded because (among other reasons) Dyson cannot show that any ineffective assistance caused him prejudice. The only theory of ineffective assistance Dyson develops is that counsel failed to tell him that he (Dyson) would be held responsible for possession of 50 grams of cocaine base, as set forth in the plea agreement. He asserts that when he was arrested he only had roughly 25 grams in his possession and that a jury would never have found him guilty of possessing 50 grams. Had Dyson's attorney told him he was pleading to 50, he asserts, he would not have entered the plea.

The government notes, however, that the PSR calculated an alternative offense level without regard for the amount of cocaine base. That offense level–34–was the same as Dyson received by including the 50 grams in the calculation, and the sentencing range of 188-235 months was therefore identical. Thus, because there was a basis for the sentence wholly independent of the amount of cocaine base in his possession, he cannot show that he was prejudiced by his attorney's alleged ineffectiveness in that regard.[1] Accordingly, even if his claims are true there is no basis for relief and no cause for an evidentiary hearing.

Dyson's second claim is that it was error to find him an Armed Career Criminal. As the government points out, however, this claim is waived by virtue of the plea agreement. Dyson was charged in the indictment as being a felon in possession as an ACC, and that is the charge to which he pled guilty. He cannot now claim error, absent some ineffective assistance or other argument undermining the involuntariness of his plea, neither of which he makes. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce,* 488 U.S. 563, 569 (1989). Accordingly, his second claim presents no basis for § 2255 relief.

---

[1]The government also asserts that because the sentence on count one ran concurrently with the sentence for count three, there was no prejudice because the length of Dyson's sentence is the same even if his counsel was ineffective. That is true, as far as it goes, but there is more to prejudice than simply the length of one's sentence. *See United States v. Jones,* 403 F.3d 604, 607 (8th Cir. 2005)("Although it is true that the additional conviction that Mr. Jones received as a result of his lawyer's performance did not increase the length of his sentence because his sentences ran concurrently, prejudice can result from the conviction itself.")

Finally, Dyson claims his appellate counsel was ineffective for two reasons. First, his attorney failed to argue the ACC issue just discussed. Because that issue has no merit, counsel's failure to raise it was not ineffective assistance. The second reason counsel was allegedly ineffective was her failure to raise a *Booker* issue on appeal with regard to count one. The government sharply questions the basis for ineffective assistance, given Dyson's apparent agreement with counsel's decision to dismiss the appeal. But the government prefers to skip over the merits of Dyson's claim and will concede the point because it will have little practical impact on Dyson's sentence. Specifically, Dyson's claim would win him a reduction of his sentence from 188 months to 180 months, which is the alternative sentence I issued in the event the Guidelines were found unconstitutional in *Booker*. Although Dyson asserted this challenge only to count one, the government acknowledges that this seems to be an oversight on his part since the same argument would apply to count three as well and, absent relief on that count, the eight-month reduction on count one has no practical effect. As the government suggests, I will therefore read Dyson's *Booker* challenge to include count three and, given the government's concession of the issue of ineffective appellate assistance, I will grant Dyson the limited relief he seeks on both counts.

Accordingly, Dyson's motion is GRANTED in part, and the judgment is to be modified to amend Dyson's sentence to 180 months of imprisonment on count one and count three. In all other respects, the motion is DENIED and the case is DISMISSED.

SO ORDERED this   24th   day of January, 2006.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge