# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE DYSON,

        Petitioner,

v.                                                        Case No. 05-C-873

UNITED STATES OF AMERICA,

        Respondent.

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner Willie Dyson was convicted of distributing crack cocaine and possession of a firearm as an armed career criminal based upon his pleas of guilty in this court on July 1, 2004. On October 5, 2004, a sentence of 188 months was imposed on each count to be served concurrently. Dyson appealed his conviction, but the appeal was later dismissed on his own motion. On August 15, 2005, he commenced this action with the filing of a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Dyson's § 2255 motion set forth three claims: (1) his plea was not knowing and voluntary because of his attorney's ineffectiveness in failing to explain the significance of agreeing that his relevant conduct involved 50 grams of cocaine base; (2) the court violated his Sixth Amendment right by concluding he was an armed career criminal without a sufficient record; and (3) appellate counsel was ineffective in failing to challenge his plea and sentence under *Booker* and in failing to challenge his qualification as an armed career criminal.

On January 25, 2006, following receipt of the government's response, the court entered an order granting in part and denying in part Dyson's motion. Based on a concession by the government, I reduced Dyson's sentence by eight months to 180 months, the sentence I had

alternatively imposed prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), when the constitutional validity of the mandatory guideline regime was in doubt. The government agreed to the reduction in its response to Dyson's § 2255 motion, notwithstanding the argument that Dyson had waived his right to such relief by voluntarily dismissing his direct appeal before *Booker* was decided. In all other respects, the motion was denied.

On February 7, 2006, Dyson filed a motion for reconsideration which was denied by margin order on March 17, 2006. On May 11, 2006, Dyson filed his motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. 473, 484 (2000). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

In his motion, Dyson claims he has made a substantial showing of the denial of his Sixth Amendment right to the effective assistance of counsel. Specifically, he claims that based upon *Shepard v. United States*, 544 U.S. 13 (2005), he should not be considered an armed career criminal. He claims that *Shepard* was decided after his guilty plea, but before his appeal was dismissed. He further claims that he advised his appellate counsel of *Shepard* and urged that the argument be raised. His appellate attorney's failure to raise the issue, he contends, constitutes ineffective assistance.

2

In my order denying Dyson's motion, I held that he had waived this issue as a result of his guilty plea. Because Dyson plead guilty to possession of a firearm as an armed career criminal and failed to challenge any of the predicate offenses, there was no challenge his attorney could have raised on appeal. Wholly aside from the issue of whether this claim has been waived, however, it appears from the response by the government to Dyson's § 2255 motion that *Shepard* affords him no relief in any event. The documents submitted by the government, including judgments of conviction from Milwaukee County, reveal that Dyson has five prior convictions that would qualify as predicate offenses under 18 U.S.C. § 924(e). The judgments of conviction reveal that all five of the previous convictions for burglary or attempted burglary involved entry into a building or dwelling in violation of Wis. Stat. § 943.10(1)(a). Thus, it appears there is no doubt that even under *Shepard,* Dyson qualifies as a career criminal.

Based upon the foregoing, I conclude that the issue Dyson raises does not deserve encouragement to proceed further. I also note that because the judgment disposing of this matter was entered on January 25, 2006, it appears that the time to appeal has passed. For this reason too, I conclude that the certificate of appealability should not issue. Accordingly, petitioner's motion for a certificate of appealabilty should be and the same hereby is denied.

A copy of this order will be sent by my clerk to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

**SO ORDERED** this __12th__ day of May, 2006.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge